NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
CAMERON L. SCHROEDER (Cal. Bar No. 255016)
JULIA S. CHOE (Cal. Bar No. 287038)
Assistant United States Attorneys
Cyber and Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0596/6530
     Facsimile: (213) 894-2927
     E-mail:   cameron.schroeder@usdoj.gov
     E-mail:   julia.choe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-0036-JAK |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION TO CONTINUE TRIAL DATE AND PRETRIAL DEADLINES, AND FOR FINDINGS OF EXCLUDABLE DELAY UNDER THE SPEEDY TRIAL ACT; DECLARATION OF JULIA S. CHOE; PROPOSED ORDER |
| v. | |
| MATTHEW GATREL and JUAN MARTINEZ, | |
| Defendants. | **CURRENT TRIAL DATE:** 10/20/20<br>**PROPOSED TRIAL DATE:** 1/26/21<br><br>**CURRENT PTC DATE:** 10/8/20<br>**PROPOSED PTC DATE:** 1/14/21 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Cameron L. Schroeder and Julia S. Choe, seeks entry of an order continuing the trial date and pretrial deadlines, and excluding time from the Speedy Trial Act calculation for excludable delay.  The government understands that

defendant Matthew Gatrel opposes this request, and that defendant Juan Martinez does not oppose this request.

## BACKGROUND

This case was set for trial on October 20, 2020. The Indictment in this case was filed on January 24, 2019. Defendant Martinez first appeared before a judicial officer of the court in which the charges in this case were pending on January 25, 2019. Defendant Gatrel first appeared before a judicial officer of the court in which the charges in this case were pending on February 8, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 5, 2019 for defendant Martinez, and on or before April 19, 2019 for defendant Gatrel. Pursuant to stipulations filed by the parties, the trial has been continued to October 20, 2020, and the Pretrial Conference to October 8, 2020. Defendants are both released on bond pending trial.

Defendants are charged with violations of 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud); 18 U.S.C. § 1030(a)(5)(A) (Unauthorized Impairment of a Protected Computer); and 18 U.S.C. § 2 (Aiding and Abetting). The government has produced discovery to the defense, including approximately 1000 pages of reports, records, and other documentation, along with interview audio recordings, 2703 search warrant materials and responses, and various native files relating to the websites and databases at issue in the charges. As defendant Gatrel has indicated he wishes to proceed to trial, the government anticipates producing additional discovery, particularly in the form of Jencks Act statements and expert disclosures in preparation for trial. The

government estimates that its case-in-chief will last approximately five to seven days.

On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).  The Court most recently renewed that suspension, until a "date to be determined," on August 6, 2020. C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Aug. 6, 2020).

Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities.  C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020).  On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions.  C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020).  On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings.  C.D. Cal. Orders of the Chief Judge Nos. 20-043 (March 29, 2020) and 20-044 (March 31, 2020).  The Court's most recent General Order maintains court facilities' general closure to the public; however, it allows in-person criminal hearings for defendants who do not

consent to remote appearance, and it allows up to 10 members of the public to attend. General Order No. 20-09, at 2-3 (August 6, 2020).

These orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See, e.g., General Order 20-02, at 1. The Chief Judge has recognized that, during the COVID-19 crisis, all gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact altogether. See Order of the Chief Judge No. 20-042, at 1-2. The Court has more broadly recognized CDC guidance advising "precautions to reduce the possibility of exposure to the virus and slow the spread of the disease[.]" General Order 20-09, at 1.

Local and state governments have adopted similar policies. On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020). Subject to similarly limited exceptions, all travel was prohibited. Safer At Home ¶ 4. Non-essential businesses requiring in-person attendance by workers were ordered to cease operations. Id. ¶ 2. All schools in the Los Angeles Unified School District remain closed to in-person classes.

As these orders reflect, the novel coronavirus pandemic is a global emergency that is unprecedented in modern history. As data from both the Centers for Disease Control and the California

Department of Public Health reflect, the virus has spread through the United States community at an alarming rate. See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), available at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html; Coronavirus Disease 2019 (COVID-19), California Department of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx. The death toll, across the world, is staggering.

The Court's most recent General Order concluded, based on these facts, that "in order to protect public health, and in order to reduce the size of public gatherings and reduce unnecessary travel," it was necessary to suspend criminal jury trials until further notice. General Order 20-09, at 1 (August 6, 2020). The Court concluded that, given the increased rates of COVID-19-related hospitalization and death over the preceding 30 days, "holding jury trials substantially increases the chances of transmitting the Coronavirus," and it would thus "place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk." Id. at 3. The Court concluded that suspending jury trials thus served the ends of justice and outweighed the interests of the public and defendants in a speedy trial. Id.

The Central District of California thus has not adopted any protocols for safely conducting jury trials. See id.

**DISCUSSION**

Here, the time between October 20, 2020 and January 26, 2021 should be excluded from the Speedy Trial Act.

5

The Speedy Trial Act generally requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2).

Certain periods of time, however, are excluded from the Speedy Trial Act's trial clock. Id. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness. Id. § 3161(h)(3)(A). Other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A).

In this case, the time between October 20, 2020 and January 26, 2021 should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A).

Although General Orders 20-02 through 20-09 address district-wide health concerns and make Speedy Trial Act findings under § 3161(h)(7)(A), individualized findings are nevertheless necessary in this case. See General Order 20-02 at 2 ¶ 4; General Order 20-09 at 2 ¶ 6(a). The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, § 3161(h)(7)(A), "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. Zedner v. United States, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). Moreover, any such failure generally cannot be harmless. Id. at 509.

6

Judged by the plain language of the Speedy Trial Act, the General Orders require specific supplementation here. Specifically, ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. The period must also be "specifically limited in time." United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010).

As the above facts reflect, the ends of justice justify excludable time here. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. "Although the drafters of the Speedy Trial Act did not provide a particular exclusion of time for such public emergencies (no doubt failing to contemplate, in the more innocent days of 1974, that emergencies such as this would ever occur), the discretionary interests-of-justice exclusion" certainly covers this situation. United States v. Correa, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (addressing September 11 attacks); see Furlow v. United States, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming Speedy Trial exclusion after eruption of Mount St. Helens); accord United States v. Stallings, 701 F. App'x 164, 170-71 (3d Cir. 2017) (same, after prosecutor had "family emergency"); United States v. Hale, 685 F.3d 522, 533-36 (5th Cir. 2012) (same, where case agent had

7

"catastrophic family medical emergency"); <u>United States v. Scott</u>, 245 Fed. Appx. 391, 394 (5th Cir. 2007) (same, after Hurricane Katrina); <u>United States v. Richman</u>, 600 F.2d 286, 292, 293-94 (1st Cir. 1979) (same, after a "paralyzing blizzard" and the informant was hospitalized).

Here, the public health risks outlined above--and the findings articulated in General Orders 20-02 and 20-09--justify a continuance. As the President, the California governor, the Los Angeles mayor, and this Court's own General Orders have recognized, we are in the midst of a grave public-health emergency requiring people to take extreme measures to limit contact with one another. The Central District of California has no established jury-trial protocol at present; instead, the Court has concluded that jury trials would "place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk." General Order 20-09 at 3 ¶ 6(a). In the absence of such a district-wide protocol, proceeding with a jury trial is unsafe.

An ends-of-justice delay is particularly apt in this case because:

- The closure of public schools in Los Angeles and other municipalities in this District (through parts of the fall of 2020) may require a significant number of jurors to handle child-care responsibilities and thus be unavailable for jury service.

- It will be almost impossible for jurors -- particularly jurors over 65 -- to maintain adequate social distance during jury selection, trial, and deliberations. Indeed, to leave their homes to come to court, such jurors would violate the recommendations of the Centers for Disease Control and multiple other public-health authorities.

- This trial involves several witnesses who would be required to travel from other states or possibly another country.

- These witnesses thus would put themselves and others at risk if they were to come to court during this crisis. Multiple public agencies have recommended against unnecessary travel, particularly for vulnerable populations.

- Government counsel and United States Attorney's Office personnel (including victim-witness specialists) have been encouraged to telework to minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control.

In addition, due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Based on the foregoing, the Court should enter a case-specific order finding excludable time under 18 U.S.C. § 3161(h)(7)(A). However, nothing in the Court's order should preclude a finding that

//

//

other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

Dated: September 11, 2020        Respectfully submitted,

                                          NICOLA T. HANNA
                                        United States Attorney

                                        CHRISTOPHER D. GRIGG
                                        Assistant United States Attorney
                                        Chief, National Security Division

                                        */s/ Julia S. Choe*
                                        CAMERON L. SCHROEDER
                                        JULIA S. CHOE
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA