CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ADAM OLIN (Bar No. 298380)
(E-Mail: Adam_Olin@fd.org)
CRAIG A. HARBAUGH (Bar No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MATTHEW GATREL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-CR-36-JAK-1 |
| Plaintiff, | **DEFENDANT MATTHEW GATREL'S RESPONSE TO GOVERNMENT'S OFFER OF PROOF RE: EXPERTS** |
| v. | |
| MATTHEW GATREL, | |
| Defendant. | |

## I. RESPONSE RE: DR. MCCOY

Mr. Gatrel maintains his objection to the portion of Dr. McCoy's opinion which relates to "the space occupied by 'booter' or 'stresser' services such as those operated by the defendant in this matter - specifically how those paid subscription services operate; the tiered pricing structure depending on the amount of attack power; and the fraudulent use of amplification and spoofing techniques to appropriate the bandwith and capacity of innocent third-party servers to conduct those attacks." Dkt. 125 at 25-26. This opinion is irrelevant.

As set forth in the Motion in Limine, Dkt. 101 at 5-6, how other services operate is irrelevant to the issues before the jury in this matter. The offer of proof demonstrates the government intends on eliciting testimony from Dr. McCoy about these other services in order to paint Mr. Gatrel's conduct as being criminal because it bears similarities to the conduct of others. But the appropriate focus of Dr. McCoy's opinion should be on how the services the government contends Mr. Gatrel operated functioned. While experts may consider (and, as necessary, disclose to the jury) inadmissible evidence in order to reach an opinion, that opinion must be helpful to the jury. It is unclear how the functioning of allegedly similar services materially advances an admissible opinion centering on the two services that are the subject of the indictment. That is particularly true where Dr. McCoy can -- and apparently intends to, based on the offer of proof -- testify about the two relevant services based on their comprehensive back-end databases, customer communications, and FBI testing. *See* Dkt. 125 at 26. The offer of proof, which essentially restates the expert disclosure in narrative form, does nothing to explain why an analysis of irrelevant services will assist in a case-specific expert opinion.

Thus, introducing testimony regarding unrelated services will serve only to confuse the jury, and Dr. McCoy should limit his testimony to Downthem and Ampnode-specific issues.

## II. RESPONSE RE: MR. TZVETANOV

Mr. Gatrel understands the offer of proof as representing that Mr. Tzvetanov will testify regarding the effects of the relevant services, including the efficacy of certain mitigation solutions. The government does not appear to plan to elicit testimony from Mr. Tzvetanov regarding how DDoS functions generally, or how Downthem or Ampnode functioned specifically. With that understanding, Mr. Gatrel does not believe the testimony is cumulative.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 24, 2021    By /s/ Adam Olin
ADAM OLIN
CRAIG HARBAUGH
Deputy Federal Public Defenders