TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
CAMERON L. SCHROEDER (Cal. Bar No. 255016)
Assistant United States Attorney
Chief, Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0596
     Facsimile: (213) 894-2927
     E-mail:    cameron.schroeder@usdoj.gov
ADAM ALEXANDER
Assistant United States Attorney
U.S. Attorney's Office for the District of Alaska
     222 W. 7th Avenue, Suite 253
     Anchorage, AK 99505
     Telephone: (907) 271-2309
     E-mail:    adam.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00036-JAK |
|---|---|
| Plaintiff, | SUPPLEMENTAL NOTICE OF AUTHORITY |
| v. | Trial Date: August 26, 2021 |
| MATTHEW GATREL, | Trial Time: 8:30 AM |
| Defendant. | Location:  Courtroom of the Hon. John A. Kronstadt |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Cameron L. Schroeder and Adam Alexander, hereby submit to the court this supplemental notice of authority regarding cumulative evidence and expert testimony.

1

| | | |
|---|---|---|
| 1 | Dated: August 30, 2021 | Respectfully submitted, |
| 2 | | TRACY L. WILKISON |
| 3 | | Acting United States Attorney |
| 4 | | CHRISTOPHER D. GRIGG |
| | | Assistant United States Attorney |
| 5 | | Chief, National Security Division |
| 6 | | _____/s/_____ |
| 7 | | CAMERON L. SCHROEDER |
| | | ADAM ALEXANDER |
| 8 | | Assistant United States Attorneys |
| 9 | | Attorneys for Plaintiff |
| | | UNITED STATES OF AMERICA |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if its probative value is "substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This Court retains discretion to exclude cumulative expert testimony. United States v. Alisal Water Corp., 431 F.3d 643, 659–60 (9th Cir. 2005), cert denied, 547 U.S. 1113 (2006).

Rule "403's cumulative evidence provision does not prohibit the introduction of cumulative evidence; rather, it merely permits courts to exclude cumulative evidence when it has little incremental value." United States v. Miguel, 87 Fed. Appx. 67, 68 (9th Cir. Jan. 30, 2004) (Unpub. Disp.); see also United States v. Taylor, 127 F.3d 1108, 1997 WL 661153, *2 (9th Cir. Sept. 25, 1997) (Unpub. Disp.) ("[E]ven cumulative evidence is not necessarily excludable under Rule 403—evidence must be needless[ly] cumulative before its admission by the district court amounts to an abuse of discretion," citing United States v. Skillman, 922 F.2d 1370, 1374 (9th Cir. 1990)). Under Federal Rule of Evidence 403, a district court can exclude evidence that is "needlessly cumulative and a waste of time." United States v. Shayota, 784 F. App'x 986, 990 (9th Cir. 2019) (emphasis added).

The trial court's decision under Rule 403 is discretionary. United States v. Mirabelles, 724 F.2d 1374, 1382 (9th Cir.1984). The Ninth Circuit has also said Rule 403 is "an extraordinary remedy to be used sparingly ... [u]nder terms of the rule, the danger of

1

1  prejudice must not merely outweigh the probative value of the
2  evidence, but substantially outweigh it." United States v. Mende,
3  43 F.3d 1298, 1302 (9th Cir.1995).
4      Additionally, "the mere presence of overlap, reference to
5  another expert's report or a similar conclusion ... does not render
6  an expert report unnecessarily 'cumulative' pursuant to FRE 403."
7  Montgomery v. Wal-Mart Stores, Inc., 12CV3057-AJB (DHB), 2015 WL
8  11233382, at *4 (S.D. Cal. Sept. 24, 2015) (citing Banks v. United
9  States, 93 Fed. Cl. 41, 51 (Fed. Cl. May 4, 2010)). The Court has
10 discretion in determining when cumulative evidence becomes
11 "needlessly" cumulative and should therefore be excludable. United
12 States v. Skillman, 922 F.2d 1370, 1374 (9th Cir. 1990). As such,
13 "even cumulative evidence is not necessarily excludable under Rule
14 403—evidence must be 'needless[ly] cumulative' before its admission
15 by the district court amounts to an abuse of discretion." United
16 States v. Taylor, No. 96-30343, 1997 WL 661153 (9th Cir. 1997)
17 (quoting Skillman, 922 F.2d at 1374).
18     While an expert witness may not testify to a legal conclusion,
19 he may testify to an ultimate issue of fact. See, e.g., Elsayed
20 Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1066 n.
21 10 (9th Cir. 2002) ("It is well-established, however, that expert
22 testimony concerning an ultimate issue is not per se improper.
23 Indeed, Federal Rule of Evidence 704(a) provides that expert
24 testimony that is 'otherwise admissible is not objectionable because
25 it embraces an ultimate issue to be decided by the trier of fact.'
26 However, an expert witness cannot give an opinion as to her legal
27 conclusion, i.e., an opinion on an ultimate issue of law.") (citing
28

Shad v. Dean Witter Reynolds, Inc., 799 F.2d 525, 529 (9th Cir. 1986) (emphasis in original) (amended sub nom. Mukhtar v. California State Univ., Hayward, 319 F.3d 1073 (9th Cir. 2003) (overruled on other grounds in Est. of Barabin v. AstenJohnson, Inc., 740 F.3d 457 (9th Cir. 2014), which was then overruled by United States v. Bacon, 979 F.3d 766 (9th Cir. 2020)).  See also Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue"); see also id., 1972 Advisory Committee Notes ("The basic approach to opinions, lay and expert, in these rules is to admit them when helpful to the trier of fact.  In order to render this approach fully effective and to allay any doubt on the subject, the so-called 'ultimate issue' rule is specifically abolished by the instant rule").  302 F.R.D. 537, 557-58.