TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
CAMERON L. SCHROEDER (Cal. Bar No. 255016)
Assistant United States Attorney
Chief, Cyber & Intellectual Property Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0596
    Facsimile: (213) 894-2927
    E-mail:   cameron.schroeder@usdoj.gov
ADAM ALEXANDER
Assistant United States Attorney
U.S. Attorney's Office for the District of Alaska
    222 W. 7th Avenue, Suite 253
    Anchorage, AK 99505
    Telephone: (907) 271-2309
    E-mail:   adam.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>MATTHEW GATREL,<br><br>       Defendant. | No. CR 19-00036-JAK<br><br>GOVERNMENT'S STATEMENT REGARDING ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS<br><br>Trial Date: August 26, 2021<br>Trial Time: 8:30 AM<br>Location:   Courtroom of the Hon.<br>            John A. Kronstadt |

      Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Cameron L. Schroeder and Adam Alexander, hereby submits to the court this Statement Regarding Admissibility of Co-Conspirator Statements.

Dated: September 13, 2021          Respectfully submitted,

                                   TRACY L. WILKISON
                                   Acting United States Attorney

                                   CHRISTOPHER D. GRIGG
                                   Assistant United States Attorney
                                   Chief, National Security Division


                                   _____/s/_____
                                   CAMERON L. SCHROEDER
                                   ADAM ALEXANDER
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

The question of whether a conspiracy existed in order to admit co-conspirator statements under Rule 801(d)(2)(E) is a preliminary factual determination that the Court makes Rule 104(a).  In making its determination, the court is not bound by the rules of evidence, except those with respect to privileges.  Similarly, Rule 1101(d)(1) states that the Rules of Evidence (other than with respect to privileges) shall not apply to "[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under rule 104."  Bourjaily v. United States, 483 U.S. 171, 177-78.  While the Court here has previously considered admissible evidence, the conspiracy at issue in this case is also laid bare by evidence that would not otherwise be admissible.

The government has established that for the statements challenged by defendant, the declarants were part of defendant's conspiracy by showing that they were corroborated by other evidence. In particular, the government has shown purchase by those co-conspirators of defendant's services (as shown in his database), other statements by those persons and others showing the existence of the conspiracy, the listing of those users in defendant's user tables, and the appearance of attacks by those users (in the case of DownThem) in the attack table itself.  In addition, the government proffered, and attaches hereto, further evidence showing the participation of Andy Rakhshan (AndyfromCanada@gmail.com) and David Bukoski (Quantum Booter).  Specifically, Rakhshan pleaded guilty to conspiracy to commit a violation of 18 U.S.C. § 1030(a)(5)(A), and

admitted in his plea that "It'sFluffy" (which the government has shown to be Mr. Gatrel) was a service he used to conduct attacks. Similarly, Mr. Bukoski specified in his post-arrest interview that he used AmpNode for his attack server to conduct his Quantum Booter service (transcription attached).  The government has thus amply shown by multiple sources of evidence that these individuals were members of defendant's conspiracy.  Indeed, the government believes it has already shown this conspiracy's existence beyond a reasonable doubt – but this additional inadmissible evidence puts the proof far beyond what is required for the initial threshold of admissibility. The law of this Circuit and the Supreme Court is clear that the preponderance standard is a very low burden to meet before co-conspirator statements to be allowed to be presented to the jury. Which is as it should be: defendant can of course argue to the jury that they should not find such a conspiracy by the higher standard the government must prove for conviction, but that is a question that is rightfully – and legally - left to the ultimate finder of fact in this case.

    "The substantive criminal law of conspiracy, though it obviously overlaps in many areas, simply has no application to this evidentiary principle."  United States v. Peralta, 941 F.2d 1003, 1007 (9th Cir. 1991), as amended on denial of reh'g (Oct. 31, 1991)(citing United States v. Gil, 604 F.2d 546, 549-550 (7th Cir.1979)).  Defendant makes much of the language in United States v. Silverman that "a co-conspirator's statement implicating the defendant in the alleged conspiracy must be corroborated by fairly incriminating evidence."  861 F.2d 571, 578 (9th Cir. 1988).  But as

has been observed by courts since <u>Silverman</u> was published, whatever "fairly incriminating evidence" means, "it cannot mean that evidence other than the co-conspirator statements has to establish a defendant's participation in a conspiracy by a preponderance of the evidence.  If that were the case, there would be no point in saying, as the Rule does, that the Court 'must' consider the purported co-conspirator statement(s) because the non-statement evidence would always be sufficient on its own to overcome the Rule 104(a) burden." <u>United States v. Ortega-Garcia</u>, No. CR 17-203 DSF, 2017 WL 11439800, at *1 (C.D. Cal. Dec. 11, 2017), aff'd, 748 F. App'x 172 (9th Cir. 2019).  Therefore, this Court should find the previously challenged co-conspirator statements admissible for all purposes in this trial, and allow the jury to determine what weight to give them.